IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD E. PAULES,** | : | CIVIL ACTION NO. 1:07-CV-1286 |
| | : | |
| Appellant | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **STEVEN CARR,** | : | |
| | : | |
| Appellee | : | |

# ORDER

AND NOW, this 5th day of November, 2007, upon consideration of the order of court dated October 16, 2007 (Doc. 4), directing appellant to file a brief in support of his appeal on or before November 2, 2007 and advising him that his failure to do so could result in the imposition of sanctions, including dismissal of his appeal, and it appearing that appellant has not complied as of the date of this order, see FED. R. BANKR. P. 8001(a) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, *which may include dismissal of the appeal*." (emphasis added)); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute);[1] see also In re Richardson Indus. Contractors, Inc., 189 F. App'x 93, 96 (3d Cir. 2006) (extending consideration of Poulis factors to

---

[1] The court notes that it is not necessary that all of the Poulis factors "weigh against the non-moving party in order to justify dismissal of a claim." Sunday v. United States, Civ. A. No. 89-8374, 1992 WL 221322, at *2 (E.D. Pa. 1992).

bankruptcy appeals), and the court finding that appellant was advised of the necessity of responding to the order of court dated October 16, 2007 and is personally responsible for failing to do so, see Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as a factor), that appellant's conduct has prejudiced appellee by requiring appellee to assume the cost of continued legal preparation, see id. (identifying "[p]rejudice to the adversary" as a factor), that appellant's failure to respond to the standard briefing deadlines in the above-captioned action and to the order of court dated October 16, 2007 constitutes a history of dilatoriness, see id. (identifying "history of dilatoriness" as a factor), that appellant's failure to respond when specifically ordered to do so constitutes willful disregard of the court's authority, see id. at 868-69 (identifying "willful" or "bad faith" conduct as a factor), that alternative sanctions would be ineffective to deter appellant's conduct because the court is unable to move forward with the above-captioned action given the limited record before the court and the largely unintelligible nature of appellant's claims, see id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as a factor), and that appellant's claims are likely without merit, see id. at 869-70 (identifying "[m]eritoriousness of the claim" as a factor), it is hereby ORDERED that:

1. The above-captioned appeal is DISMISSED for failure to prosecute. See FED. R. BANKR. P. 8001(a)

2. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge